# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

RECEIVED

NOV 2 0 2023

U.S. District Court
Middle District of TN

Robert E. Johnson Jr.      )
     )
     **Plaintiff,**      )
     )
**v.**      )     NO. _____
     )
**AMBER L. PHILLIPS, in**      )     HONORABLE _____
**her official Capacity as Correctional**      )
**Program Director 2 for the**      )
**TENNESSEE DEPARTMENT**      )
**OF CORRECTION, AND**      )     **JURY TRIAL DEMAND**
**JOHN DOE #1, SENTENCE**      )
**MANAGEMENT DIRECTOR**      )
     )
     **Defendant.**      )

## COMPLAINT FOR PROSECUTIVE INJUNCTIVE RELIEF

### INTRODUCTION

1.      This is a civil rights action filed by Robert E. Johnson Jr., pro se, for injunctive and declaratory relief from Defendant's violations of Plaintiffs constitutional rights secured under the Eighth Amendment prohibition of cruel and unusual punishment, Fourteenth Amendment Equal Protection and Due Process (substantive) Clause, and Article I, Section 9, Clause 3, Ex Post Facto clause of the United States Constitution, via 42 U.S.C. § 1983 et seq., against Amber Phillips, in her official capacity, as Tennessee Department of Correction (TDOC) Correctional Program Director 2.

2.      Specifically, Plaintiff alleges a claim that Defendant's arbitrary interpretation of "Tennessee's vague life sentence statutes", cause deliberate indifference in the application of the calculation procedures method, as applied to Plaintiff, violates the Plaintiff's constitutional "Ex Post Facto" rights secured under Article I, Section 9, Clause 3, of the United States Constitution;

3. Specifically, Plaintiff alleges a claim that Defendant's arbitrary interpretation of "Tennessee's vague life sentence statutes", cause deliberate indifference in the application of the calculation procedures method, as applied to Plaintiff, violates the Plaintiff's constitutional "Substantive Due Process" rights secured under the Fourteenth Amendment, Section 1 Clause of the United States Constitution;

4. Specifically, Plaintiff alleges a claim that Defendant's arbitrary interpretation of "Tennessee's vague life sentence statutes", cause deliberate indifference in the application of the calculation procedures method, as applied to Plaintiff, violates the Plaintiff's constitutional "Equal Protection" rights secured under the Fourteenth Amendment, Section 1 Clause of the United States Constitution;

5. Specifically, Plaintiff alleges a claim that Defendant's arbitrary interpretation of "Tennessee's vague life sentence statutes", cause deliberate indifference in the application of the calculation procedures method, as applied to Plaintiff, violates the Plaintiff's "prohibition against cruel and unusual punishment" rights secured under the Eighth Amendment of the United States Constitution.

6. Specifically, Plaintiff alleges a claim that "Tennessee's life sentence statutes" are vague, as applied to Plaintiff, and violates the Plaintiff's Eighth Amendment prohibition of cruel and unusual punishment, Fourteenth Amendment Equal Protection and Due Process (substantive) Clause of the Fourteenth Amendment, and Article I, Section 9, Clause 3 Ex Post Facto clause of the United States Constitution.

## JURISDICITON AND VENUE

7.      This Court has jurisdiction over Plaintiff's constitutional civil rights claims as invoked pursuant to 28 U.S.C. 1983 as well as 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

8.      Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391, because a substantial portion of the events or omissions giving rise to these claims occurred in Davidson County, Tennessee, within this judicial district, and because Defendant, in her official capacity resides in and/or regularly conducts business within this judicial district, and, thus is subject to personal jurisdiction within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMIDIES

The present 1983 complaint does not require exhaustion.

## PARTIES

9.      Defendant Amber Phillips is the Correctional Program Director 2 for the Tennessee Department of Correction, and her office has broad responsibility for calculating sentences for TDOC prisoners and setting and overseeing those sentence calculations. Defendant Phillips is sued in her official capacity only.

10.     Plaintiff, _Robert E. Johnson Jr._, is an adult resident of the State of Tennessee and is currently incarcerated at the _Turney Center Industrial Complex_. (TDOC ID 00_295297_ ), serving a life sentence.

11.     Plaintiff, _Robert E. Johnson Jr._, understands that there is no sentence Management Director at this time and John Doe represents such and he reserves the right to add Defendants as they become known to Plaintiff.

## LEGAL STANDARD

12.     Pursuant to 42 U.S.C. § 1983, every person "who under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

13.     The Eighth Amendment to the United States Constitution states that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

14.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution states that no State shall "deprive any person of life, liberty, or property, without due process of law."

## STATEMENT OF FACTS

15.     Defendant Phillips, as Correctional Program Director 2 has, within this office, the broad responsibility of calculating sentences of those convicted of a crime, pursuant to T.C.A. § 40-28-129, which states:

> "Notwithstanding any other provision of the law to the contrary, the department of correction shall be responsible for calculating the sentence expiration date and the earliest release date of any felony offender sentenced to the department of correction and any felony offender sentenced to confinement in a county jail or workhouse for one (1) or more years."

> (Also see *Shorts v. Bartholomew*, 278 S.W.2d 26, 278).

4

16.     Defendant Phillips, in her career, has submitted numerous sworn affidavits in court and answered voluminous request (CR-3118)(RDA 1167) detailing her calculation method procedures of various sentences. This includes life sentences.

17.     Plaintiff's conviction offense date of Nov 20, 1998 is under the Tennessee Sentencing Reform Act of 1989.

18.     Tennessee enacted the Tennessee Criminal Sentencing Reform Act of 1989, T.C.A. § 40-35-501 *formerly* (g) resulting in first degree murder calculating a sentence of sixty percent of sixty years or **thirty-six years**.

19.     Tennessee enacted the Criminal Sentencing Reform Act of 1989 that amended T.C.A. § 40-35-501(a)(2), which states:

> Except for inmates who receive sentences of imprisonment for life without the possibility of parole only inmates with felony sentences of more than two (2) years or consecutive felony sentences equaling a term greater than two (2) years shall be eligible for parole consideration.

20.     In 1993 the General Assembly amended T.C.A. § 39-13-204, First Degree Murder Sentencing Factors to include the 25-year parole eligibility and **life without parole**.[1]

21.     Former T.C.A. § 40-35-501 (h)(2) Stated"

> There shall be **no release eligibility** for a defendant receiving a sentence of imprisonment for **life without possibility of parole** for first degree murder."

> "(i)(1) There shall be **no release eligibility** for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2)…"
> "(2) The offenses to which subdivision (i)(1) applies are:"
> "(A) murder in the first degree…"

---

[1] See exhibit (A) (Legislation) "specifically" defining life-without parole as never being released on parole.

22. Since the enactment of this statute the same wording has been incorporated in all the prior amendments to 2019.

23. Former Subsection (h)(2) states: [t]here shall be no release eligibility for a defendant receiving a sentence of imprisonment for life without the possibility of parole for first degree murder." Subsection (i)(1) states the exact same language for first degree murder except adding an additional sentence stating, "[t]he person shall serve one hundred percent (100%) of the sentence imposed...." However, this sentence can be reduce by fifteen percent (15%) with sentence credits. Therefore, a sentence of life, as well as life without parole, is the exact same sentences.

## The Illegal Sentence Management Services Procedures Manual

24. Defendant, Amber Phillips, relies upon The Sentence Management Services Procedures Manual for Records Offices, as authoritative law, pertaining to the calculating procedure methods of maintaining sentences from 1973 to present[2].

25. This Manual was not promulgated and codified under the rule making process of the Tennessee Uniform Administrative Procedures Act, T.C.A. §§ 4-5-201 et seq.

26. T.C.A. § 4-5-116 holds, "Any agency rule not adopted in compliance with this chapter shall be void and of no effect and shall not be effective against any person or party nor shall it be invoked by the agency for any purpose."

27. Defendant Phillips and Sentence Management Services are in violation of Tennessee law in using unconstitutionally and invalid procedures to calculate and maintain Plaintiff's sentences.

28. The Tennessee Sentence Management Services Procedures Manual, page 17, states:

---
[2] Exhibit (B) attached

6

A Life sentence conviction with a date of offense on or after November 1, 1989, to 6-30-95 is computed at 36 years TTS (can reduce with credits) and no expiration." A life sentence was calculated at 36-years time to serve. Defendant has never reflected the expiration of thirty-six years on the Plaintiffs' TOMIS sentence summary.

Offenses committed on or after 7-1-93, punishment for First Degree Murder is:
Life (RED can't be reduced below 25 calendar years before eligible for parole)
Life without Parole
Death

Effective 7-1-95 Offenders convicted of violent offenses (committed on or after 7-1-95 and receive **Life sentences** (not Life w/o Parole) must serve 60 years before parole eligibility. The sentence can reduce to no less than **51 years** with credit earned.

29. The illegal and void Manual is riddled with ambiguities, inaccurate and arbitrary procedures which fail to adhere to Tennessee Statutes and court imposed sentences.

## The Sentence Reform Act of 1989

30. In the Sentence Reform Act of 1989, the legislature changed the conviction class of first degree murder from Class X to a Class by itself.

31. The Legislature enacted T.C.A. § 39-13-202 et. seq., "first degree murder," which defined first degree murder and sentencing

32. The Legislature further enacted T.C.A. § 40-35-101, "Short Title." This statute lists the sentence ranges and release eligibility for all felony classifications except for first-degree murder. The statute reads:

> **NOTE**: First Degree Murder excluded from classification of sentencing Process and sentencing solely according to first degree murder statute.

The statute here begins the problem because § § 40-35-101 (above) does not address the sentencing for first-degree murder but its application is being applied cumulatively.

33. Tennessee Criminal Sentencing Reform Act of 1989, T.C.A. § 40-35-501(h), was amended in 1993 which stated:

7

> (1) [R]elease eligibility for each defendant receiving a sentence of imprisonment for life for first degree murder shall occur after service of sixty percent (60%) of sixty years less sentence credits earned and retained by the defendant, ...

> (2) There shall be **no release eligibility** for a defendant receiving a sentence of imprisonment for life without possibility of parole for first degree murder.

34. In 1993 the General Assembly also amended T.C.A. § 39-13-204, First Degree Murder Sentencing Factors, which states in part:

> (e)(2) ... The jury shall be instructed that a defendant who receives a sentence of imprisonment for life shall not be eligible for parole consideration until the defendant has served at least twenty-five (25) full calendar years of the sentence. The jury shall also be instructed that a defendant who receives a sentence of imprisonment for life without possibility of parole **shall never be eligible for release on parole**.

35. Tennessee's criminal sentencing scheme concerning the 1993 amendment is unconstitutional in that it imposed a minimum sentence on a determinate sentence.

36. Even more, the Tennessee Criminal Sentencing Reform Act of 1989, T.C.A. § 40-35-501(h), was again amended in 1995 which stated:

> (i)(1) There shall be **no release eligibility** for a person committing an offense, on or after July 1, 1995 that is(2) The offenses to which subdivision (i)(l) applies enumerated in subdivision (i)(2)... are:

> (A) murder in the first degree...

37. The problem is compounded here even more because the Legislation uses the same wording as they do with life without parole but the courts and the Defendant interpret them to have different meanings and penalties.

8

38.     Tennessee federal and state courts have relentlessly addressed the issue concerning life sentences imposed under the 1995 amendment to the Sentencing Reform Act of 1989 and have repeatedly concluded that **it is life without parole eligibility** but can be released.

> In the later situation, subsection (i)(1) provides the means for **determining the sentence expiration date**, and **release is not contingent upon a grant of parole**. See also; *State v. Self*, No. E2014-02466-CCA-R3-CD, 2016 WL 4542412, p. 62 (Tenn. Crim. App., November 1, 2016). And (*Pinchon v Washburn* 2020 WL 5250668 at *4) (Tennessee **statute nominally distinguishes** between life and life without.); (State v. Booker 2022 WL 17073278).

39.     The court in *Tate v. Tennessee Department of Correction* 2017 WL 3741348 stated that the statute leaves out the total time other than to say 60% of 60 years, which is 36 years.

40.     Defendant Phillips submitted a sworn affidavit testifying that a life sentence conviction with a date of offense on or about November 1, 1989, is computed at 36 years TTS (can reduce with credits earned) and **no expiration if imposed under 1194**.

41.     Further Defendant Phillips submitted a sworn affidavit[3], in the case of JY Sepulveda, case NO. 19-517-III, testifying that her interpretation of a life sentence conviction with a date of offense on or about November 1, 1989, is computed at 36 years TTS (can reduce with credits earned) and **no expiration if imposed under 1194**.

42.     The court in this case, memorandum and final order[4], not only relied upon the affidavit of the Amber Phillips but at page three footnote (1) clearly states that Amber Phillips **established** that the result of the 60% of 60 years or thirty-six (36) years determines **when parole is considered**.

---

[3] See Exhibit (C) attached.
[4] See Exhibit (D) attached.

43. Defendant's arbitrary interpretation supports a claim that the Tennessee Legislators have never established any sort of set number of years constituting a life sentence.

44. Defendant's arbitrary interpretation causes deliberate indifference in the sentence calculation procedure method, as applied to Plaintiff, not authorized by statute or imposed by the sentencing court.

45. Tennessee law is clear that from 1982-1995 life sentences are determinate as well as sentence credits to be taken from the parole release eligibility date and expiration date.

46. Defendant Phillips' affidavits and The Sentence Management Procedures Manual state: "A life sentence conviction with a date of offense after 11-1-89 to 6-30-95 **is computed at 36 years** TTS (can reduce with credits) and no expiration." A life sentence was calculated at 36-years time to serve. Defendant has never reflected the expiration of thirty-six years on any TOMIS sentence summary much less the Plaintiff's.

47. See manual p. 17, "Effective 7-l-95, offenders convicted of violent offenses (committed on or after 7-7-95) and receive Life Sentences (not life w/o Parole) must serve 60 years before **parole eligibility**. The sentence can reduce to no less than 51 years with credit earned."

48. The term Release Eligibility Date **concept** actually originated in the Class X felony law of 1979 which had a similar provision called release classification status which occurred after serving the entire sentence of a class X felony. Under this earlier law the RSC date or "RED" determined when a defendant would first become eligible for rehabilitative programs such as work release, parole, furlough, and other programs. Upon hitting the RED, the person would become eligible for release. This parole (RED) concept did not apply to Class X life sentences. See Stewart v. Schofield 368 S.W. 3d 457 at (14 & 15):

The court emphasized that **no statute** provided a method for determining parole eligibility for offenders serving consecutive determinate sentences and the court crafted a solution. The court then crafted a solution for determining parole eligibility and **filling a statutory void**.

49.     The courts authority over punishment for crime ends with the adjudication of constitutionality. See *State v. Atkins* 725 S.W.2d 660, 664 (Tenn. (1987).

50.     The courts and the Defendant have been repeatedly amending legislation under the guise of crafting solutions to **fill statutory voids**.

51.     The powers to define what shall constitute a criminal offense and to asses punishment for a particular crime is vested in the legislation. Moreover, we must presume that the Legislation knows of its prior enactments and knows the existing state of the law at the time it passes legislation.

52.     Article II, Section 3 of the Tennessee Constitution vests the state's legislative power solely in the General Assembly. In general, legislative power is the authority to make, order, and repeal law. Specifically, the General Assembly may not delegate to an executive branch agency the exercise of the legislature's discretion as to what the law shall be, because this is a purely legislative function.

53.     Parole eligibility date and sentence expiration dates have very clear meanings under Tennessee law. See for example, T.C.A. § 41-21-236 discussing sentence release expiration dates and parole dates.

54.     A statutory mandated sentence expiration date **is not** a speedier release, but is in fact part of the sentence imposed by the trial court. Any extension of the **expiration date** is considered punitive and cruel and unusual punishment.

11

55.    Defendant Phillips calculates all felony offenders time with the expiration dates and full expiration dates except first-degree murder offenders. This exclusion applies to pre- as well as post-1989 life sentences.

56.    A defendant charged with first degree murder has a claimable statutory and constitutional right to be informed of the criminal penalties and to have the jury know the range of punishment applicable to the charges before deciding guilt or innocence.

57.    Further, Defendant is in violation of T.C.A. § 40-28-129, which holds:

> Notwithstanding any other provision of the law to the contrary, the department of correction shall be responsible for calculating the sentence expiration date and the earliest release date of any felony offender sentenced to the department of correction and any felony offender sentenced to confinement in a county jail or workhouse for one (1) or more years. (Also see *Shorts v. Bartholomew*, 278 S.W.2d 26, 278).

58.    Defendant Phillips arbitrary interpretation due to their vagueness, is using her calculation procedures method to seriously discriminate the enforcement of statutorily mandated expiration date of Plaintiff's life sentence and violates Plaintiff's constitutional rights secured under the Eighth Amendment prohibition of cruel and unusual punishment, Fourteenth Amendment Equal Protection and Due Process (substantive) Clause, and Article I, Section 9, Clause 3, Ex Post Facto clause of the United States Constitution.

59.    Tennessee's criminal sentencing scheme concerning life sentences is so complicated that even the Tennessee courts have experienced difficulty in understanding the sentencing determination. Tennessee federal and state courts have relentlessly addressed the issue concerning life sentences imposed under the 1995 amendment to the Sentencing Reform Act of 1989 and have repeatedly concluded that **it is life without parole eligibility** but can be released.

60. Tennessee's statutes, regarding life sentences, are unconstitutionally vague and so arbitrarily applied that defendants have been denied the right to understand the penalties, denied Due Process, and denied the opportunity to make informed plea decisions based upon accurate information, are being inflicted with cruel and unusual punishment and denied equal protection of the law.

61. The United States Supreme Court has acknowledged that "vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute. *United States v. Batchelder*, 442 U.S. 114, 123 (1979).

62. Our Supreme has held:

> A statute is thus void for vagueness only if it wholly fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is standardless that it authorizes or encourages seriously discriminatory enforcement. *United States v. Williams*, 553 U.S. 285, 304 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008).

63. Tennessee's sentencing statutes regarding life sentences, as applied to the plaintiff, is unconstitutionally vague and the **rule of lenity** demands that ambiguities in criminal statutes be resolved in favor of the Plaintiffs. (*U.S. v. Batchelder,* 99 S.Ct. 1298, 1979).

## CAUSES OF ACTION
## COUNT 1

**Defendant Phillips deliberate violation of the Eighth Amendment prohibition of cruel and unusual punishment, Fourteenth Amendment Equal Protection and Due Process (substantive) Clause, and Article I, Section 9, Clause 3, Ex Post Facto clause of the United States Constitution, and 42 U.S.C. § 1983 with her arbitrary interpretation of Tennessee's life Sentence statutes and her deliberate indifference in the calculation of Statutory mandated life sentence expiration dates of Plaintiffs' life sentence.**

**(Asserted by all Plaintiffs against Defendant, in her official capacity.)**

13

64. Plaintiff brings this action arising out of the cruel and unusual punitive detention of Defendant's arbitrary interpretation of "Tennessee's vague life sentence statutes", causing deliberate indifference in the application of the calculation procedures method, as applied to Plaintiff.

65. Plaintiff brings this action arising out of Defendant's arbitrary interpretation of T.C.A. § 39-1-703, Determinate Sentence Statute which states: "All felonies shall: (1) Be determinate in nature.

66. Defendant is continuing to deliberately violate Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment and Prohibition against cruel and unusual punishment of the Eighth Amendment of the United States Constitution, in refusing to calculate the Plaintiff's statutory sentence expiration date.

67. A statutory sentence expiration date is not a speedier release, but is in fact part of the sentence imposed by the trial court. Any extension of the expiration date is considered punitive and cruel and unusual punishment. Plaintiff is being held under punitive detention.

68. The sentence calculation procedures method, applied to Plaintiff, by the Defendant is unconstitutional and in violation of Plaintiffs' rights as guaranteed under the Eighth Amendment, and Due Process Clause of the Fourteenth Amendment of the United States Constitution.

69. The constitution requires that a defendant charged with murder in the first degree must be provided with clear notice of the criminal penalties to which they are subject and be free from cruel and unusual punishment.

14

70.     Defendant, arbitrary and application of the statutes, due to their vagueness, is using her official position to seriously discriminate the enforcement of such statutes to prisoners with life sentences.

71.     Pursuant to 42 U.S.C. § 1983, any person who, under color of law, deprives another person of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured at law, suit in equity, or other proper proceeding for redress."

72.     The Due Process Clause of the Fourteenth Amendment prohibits a State from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1.

73.     The 14th Amendment does not protect against all deprivations of liberty. It protects only against deprivation of liberty accomplished "without due process of law". Under these circumstances, the adequacy of the state remedy is irrelevant. Even more, in the field of substantive rights and duties of the legislative judgment, if oppressive and arbitrary, may be overridden by the courts. See, *Tennessee v. Garner v Beebe* 743 F.2d 342 (6th Cir. 1984); *Baker v. Mccollan* 443 U.S. 137 (1979); *Palko v. Connecticut*, 302 U.S. 319 (1937); Also *Haag v. Cuyahoga County* 619 F.Supp 262, *278.

74.     The United States Supreme Court has acknowledged that "vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute. *United States v. Batchelder*, 442 U.S. 114, 123 (1979).

75.     As set forth in the allegations above, Defendant has refused to calculate expiration dates on Plaintiffs' life sentences and has failed to calculate sentence credits pursuant to a statutory mandate. In using Defendant's Manual; along with unconstitutionally vague statues,

Defendant is in violation of the Eighth Amendment prohibition of cruel and unusual punishment, Fourteenth Amendment Equal Protection and Due Process (substantive) Clause, and Article I, Section 9, Clause 3, Ex Post Facto clause of the United States Constitution, and 42 U.S.C. § 1983.

76. Plaintiffs are entitled to all available relief under the law necessary to make Plaintiffs whole, including without limitation:

a. an order of injunction directing Defendant to cease and desist in the using her unconstitutional and void "Sentence Management Services Procedures Manual For Records Offices" in calculating expiration dates and sentence credits of Plaintiffs' life sentences;

b. an order of injunctive relief ordering Defendant to calculate Plaintiffs' sentences pursuant to Tennessee statutes in effect at the time of Plaintiffs' convictions and sentencing which complies with Tennessee legislative mandates;

c. an order finding that the relevant sentencing statutes are unconstitutionally vague;

d. injunctive relief to require the calculation of Plaintiffs' sentences to conform to statutory mandates of expiration dates which conform to the requirements of the United States Constitution;

e. resentence the Plaintiff under the 1989 Sentencing Reform Act and the statutory mandates which includes expiration dates that conforms to the requirements of the United States Constitution;

f. reasonable attorney fees, expenses, and costs to the maximum extent permitted by law, including under 42 U.S.C. § 1983; and

g. all other relief, legal or equitable, that the Court deems just and proper.

16

**Tennessee's vague Life Sentence statutes violates the Plaintiff's rights secured under the Eighth Amendment prohibition of cruel and unusual punishment, Fourteenth Amendment Equal Protection and Due Process (substantive) Clause, and Article I, Section 9, Clause 3, Ex Post Facto clause of the United States Constitution and 42 U.S.C. § 1983**

**(Asserted by all Plaintiffs against Defendant in her official capacity.)**

77.     Plaintiffs re-allege and incorporate by reference each allegation in each of the preceding paragraphs as though fully set forth herein.

78.     The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

79.     Courts, including the Sixth Circuit, have in turn noted that "the Eighth and Fourteenth Amendment may be implicated when a prisoner is detained beyond his jail sentence." *See, e.g., Beil v. Lake Erie Corr. Records Dept.*, 282 F. App. 363, 368 (6th Cir. 2008).

80.     Pursuant to 42 U.S.C. § 1983, any person who, under color of law, deprives another person of "any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured at law, suit in equity, or other proper proceeding for redress."

81.     The underlying constitutional right is well established. When a prisoner's sentence has expired, he is entitled to release. *Whirl v. Kern*, 407 F.2d 781, 791 (5th Cir.). In an equal protection claim the state "may not then subject a certain class of convicted defendants to a period of imprisonment beyond the statutory maximum solely by reason of their indigence." *Williams v. Illinois*, 399 U.S. 235, 241-42, 90 S.Ct. 2018, 2022-23, 26 26 L.Ed.2d 586 (1970). If the Defendant is ultimately holding Plaintiffs beyond their expiration dates solely due to their

17

refusal to calculate their sentences according to Tennessee statutes violates Plaintiffs rights to be free from cruel and unusual punishment.

82.     As set forth in the allegations above, Defendant has not maintained an adequate process for addressing a prisoner's request to calculate his sentence.

83.     Plaintiffs have suffered harm as a result of this lack of adequate process specifically including the harm of being detained past the end of their lawful jail sentences.

84.     Plaintiffs are entitled to all available relief under the law necessary to make Plaintiffs whole, including without limitation;

a.     an order finding that Defendant's arbitrary interpretation and application of Plaintiff's sentence calculation violates Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

b.     an order directing Defendant to submit detailed procedures which complies with the Uniform Administrative Procedures Act and the approval of such procedures by Plaintiffs to this court to approve prior to implementation of such said procedures;

c.     injunctive relief to require the calculation of Plaintiffs' sentences to conform to statutory mandated expiration dates to conform to the requirements of the United States Constitution;

d.     resentence the Plaintiff under the 1989 Sentencing Reform Act and the statutory mandates which includes expiration dates that conforms to the requirements of the United States Constitution;

e.     reasonable attorney's fees, expenses, and costs to the maximum extent permitted by law, including under 42 U.S.C. §1983; and

f.     all other relief, legal or equitable, that the Court deems just and proper.

18

**Plaintiff's Sentence Details**

1.    Plaintiff, ~Robert E. Johnson Jr~ , conviction offense date of first-degree is ~Nov 20, 1998~ and the court imposed a life sentence under former T.C.A. § 39-13-204. The trial court imposed the life sentence under T.C.A. § 39-13-204.

2.    Former T.C.A. § 39-13-204 clearly defined that life-without means that you are not eligible for parole. Thus, Plaintiff must serve 100% of the sentence imposed by the court of or 100% of 36 years.

3.    In the Plaintiff's case, who is sentenced under T.C.A. § 39-13-204 the statute is vague and unconstitutionally imposes a sentence greater than that required by statute of murder in the first degree at the time of Plaintiff's sentence. This is a violation of the Plaintiff's substantial due process and Equal Protection rights secured under the Fourteenth Amendment; Eighth Amendment Cruel and Unusual punishment, and Article 1 Section 9 Ex Post Facto Clause, of the United States Constitution. The above mentioned statutes are unenforceable.

4.    Plaintiff sentence is imposed under the calculation method required by former T.C.A § 39-13-204. As early as 1998 the courts were opined that former T.C.A. § 39-13-204 was not amended in 1995. (See, *State v. Golden*, No. 02C01-9709-CR-003621 998 WL 518071, at *7 -*8 (Tenn. Ct. Crim. App.1998).

> Unfortunately, Tennessee Code Annotated § 39-13-204 was not amended to reflect this change.

> It immediately becomes apparent that the **legislature in 1995 overlooked amending** Tennessee Code Annotated § 39-13-204....
> The statutes presently are in conflict.

5.    This opinion was in 1998, so it is obvious legislature did not overlook amending T.C.A. § 39-13-204 and it was their intent to have the thirty six year life-without sentence because they never amended T.C.A. § 39-13-204 until 2021 some twenty-six 26 years later.

19

6. Article II, Section 3 of the Tennessee Constitution vests the state's legislative power solely in the General Assembly. In general, legislative power is the authority to make, order and repeal law. Specifically, the General Assembly may not delegate to an executive branch agency the exercise of the legislature's discretion as to what the law shall be, because this is a purely legislative function.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

A. Plaintiff's prays for this Court to issue an injunction directing the Defendant to cease and desist in the unconstitutional detention of Plaintiff's and all those similarly situated under life sentences.

B. Issue injunctive relief ordering Defendant to calculate the Plaintiff's sentence pursuant to Tennessee Code Annotated statutes which complies with the legislative mandates, thereby protecting Plaintiffs' constitutional rights.

C. A finding that the relevant sentencing statutes as described herein to be unconstitutionally vague and therefore unenforceable.

D. Resentence the Plaintiff under the 1989 Sentencing Reform Act pursuant to Tennessee Code Annotated statutes which complies with the legislative mandates and the statutory mandates that conforms to the requirements of the United States Constitution;

E. A finding that Plaintiffs' rights pursuant to the Eighth and Fourteenth Amendments of the United States Constitution have been violated via the infliction of cruel and unusual punishment and due process violation

20

F.    Order Defendant and all relevant Tennessee agencies and departments to immediately implement constitutionally sound policies and practices to timely, efficiently and accurately process sentence calculations to include expiration dates.

G.    Award Plaintiffs all costs, expenses and reasonable attorneys' fees as permitted by law, including under 42 U.S.C. § 1983; and

H.    All other relief, legal or equitable, that the Court deems just and proper.

Submitted on this date: _13th_ of _Nov_____, 2023

Respectfully submitted,



Robert E. Johnson Jr. #298287
T.C.I.X. Unit #2B
1499 R.W. Moore Memorial Hwy.
Only, TN. 37140-4050

## DECLARATION OF VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the facts stated within this Complaint under 42 U.S.C. §1983 for Injunctive Relief are true and correct to the best of my knowledge, information and belief.

Signed this the _13th_ day of _Nov_____, 2023.

Respectfully submitted,

Robert E. Johnson Jr.

21

**PROOF OF SERVICE**

I hereby certify that a true and exact copy of the foregoing Complaint under 42 U.S.C. §1983 for

Injunctive Relief has been placed in the prison mailbox and sent by First Class, U.S. Mail,

postage prepaid to:

Amber L. Phillips
Correctional Program Director 2
Rachel Jackson Building, 6th Floor
320 Sixth Avenue, North
Nashville, TN 37243-1465

On this the 18th day of Nov, 2023.

Respectfully submitted,

Robert E. Johnson Jr #298287
T.C.I.X. Unit #2 B
1499 R.W. Moore Memorial Hwy.
Only, TN. 37140-4050

Robert E. Johnson Jr. #298287
T.C.I.X. Unit #2B-#229
1499 R.W. Moore Memorial Hwy.
Only, TN. 37140



RECEIVED
NOV 20 2023
U.S. District Court
Middle District of TN

Lydia M. Hill (Clerk of Court)
Fred D. Thompson Courthouse
719 Church St. Ste. 1300
Nashville, TN. 37203



